IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| RENT RECOVERY ) | Case Number: |
| SOLUTIONS, LLC; DEL ) | |
| DEVELOPMENT d/b/a WOOD ) | CV-13-K-0530-S |
| SPRINGS APARTMENTS; ) | |
| and WOOD SPRINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, the Plaintiff Ralph Jackson ("Plaintiff") and alleges as follows:

### PARTIES

1.  Plaintiff Ralph Jackson, at all times relevant and material, was a resident of the State of Alabama, and is a "consumer" as defined by 15 U.S.C. §1692a(2).

2.  Defendant **Rent Recovery Solutions, LLC** ("RRS, LLC") is a Limited Liability Company organized in the State of Georgia and doing substantial business in the geographic jurisdiction of this Court and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

3.  Defendant **DEL Development Corporation d/b/a Wood Springs**

1

**Apartments** ("DEL") is a corporation organized in the State of Georgia and doing substantial business in the geographic jurisdiction of this Court.

4. Defendant **Wood Springs, LLC** ("Wood Springs") is an Alabama corporation doing substantial business in the geographic jurisdiction of this Court.

5. Collectively herein, the bad acts alleged are attributable to each and every named Defendant, whether named or fictitious, and wherefore, for the sake of simplicity, the Defendants are collectively referred to as the "Defendants" unless otherwise specified.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1681p.

7. Jurisdiction of this Court is also invoked pursuant to 15 U.S.C. §1692k(d).

8. Venue in this Court is proper in this district pursuant to 28 U.S.C. §1391(b)(ii) because the complained of acts occurred within this judicial district.

## FACTUAL ALLEGATIONS

9. On April 9, 2011, the Plaintiff entered into a lease agreement with Defendants DEL and Wood Springs for the lease of an apartment located at Birmingham, Alabama.

10.     Beginning two (2) days into the lease term, the Plaintiff noticed a series of defects, to include problems with the HVAC unit, toilet and bathroom sink plumbing, with the apartment he leased from Wood Springs.

11.     The Plaintiff, pursuant to his obligations under the lease term, repeatedly made complaints to the management of Wood Springs.

12.     The defects in the apartment were not repaired and caused the apartment to become uninhabitable, especially in the winter months when there was a lack of operable heat.

13.     On December 31, 2011, the Plaintiff notified Wood Springs by letter of his need to vacate the apartment due to it being uninhabitable.

14.     The certified letter sent to Wood Springs by the Plaintiff included a forwarding address for the Plaintiff.

15.     On late October, 2012, while attempting to purchase an automobile, the Plaintiff was made aware that Defendant RRS, LLC had placed negative information of an alleged debt owed by the Plaintiff in the amount of Three Thousand Two Hundred Eighty-Two dollars ($3.282.00) ("Alleged Debt") on his consumer credit report.

16.     Prior to November 1, 2012, the Plaintiff had never heard of RRS, LLC, Wood Springs, nor DEL, and had never received correspondence from RSS, LLC concerning the Alleged Debt.

17. On November 1, 2012, the Plaintiff contacted RRS, LLC in an attempt to ascertain why RRS, LLC had placed information on his consumer credit report concerning the Alleged Debt.

18. On November 2, 2012, RRS, LLC emailed the Plaintiff documents that purported to be copies of statements, which allegedly supported RRS, LLC's actions concerning the Alleged Debt.

19. On December 5, 2012, the Plaintiff wrote to RRS, LLC and notified RRS, LLC that the documents emailed on November 2, 2012, were erroneous and not indicative of any Alleged Debt.

## CAUSE OF ACTION I
### *Violation of the Fair Debt Practices Act*

20. The Plaintiff readopts the proceeding allegations as if fully stated herein and further alleges:

21. The Defendants willfully violated certain provisions of The Fair Debt Collection Practices Act ("FDCPA").

22. RRS, LLC willfully violated the FDCPA in regards to the Alleged Debt owed by the Plaintiff by falsely representing the character and amount of the Alleged Debt.

23. RRS, LLC, DEL and Woods Springs willfully violated the FDCPA by falsely representing to the Plaintiff that the Alleged Debt had been turned over to an innocent purchaser for value.

24.     RRS, LLC violated the FDCPA by failing to contact the Plaintiff concerning the Alleged Debt.

25.     RRS, LLC violated the FDCPA by the use of false representation and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e(10).

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against RSS, LLC and damages both compensatory and punitive for Cause of Action I.

## CAUSE OF ACTION II
### *Violation of the Fair Credit Reporting Act*

26.     The Plaintiff readopts the proceeding allegations as if fully stated herein and further alleges:

27.     RRS, LLC willfully violated the Fair Credit Reporting Act ("FCRA") by reporting false information concerning the Alleged Debt without actual knowledge of errors, in violation of 15 U.S.C. §1681s-2(a)(1)(A).

28.     RRS, LLC willfully violated the FCRA in regard to the Alleged Debt by reporting information after notice and confirmation of errors, in violation of 15 U.S.C. §1681s-2(a)(1)(B)(i) and (ii).

29.     RRS, LLC willfully violated the FCRA in regards to the Alleged Debt by misrepresenting RRS, LLC's true status.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against RSS, LLC and damages both compensatory and punitive for Cause of Action II.

### CAUSE OF ACTION III
### *Defamation and Defamation Per Se*

30. Plaintiff readopts each allegation and further alleges Defendant RRS, LLC is liable for the torts of defamation and defamation *per se* of the Plaintiff.

31. Defendant RRS, LLC is liable to the Plaintiff for the state law tort of liable.

32. Defendant RRS, LLC has made false and misleading written statements about the Plaintiff owing an Alleged Debt, and communicated those false statements to third parties.

33. Those third parties, including mortgage lending services, credit unions, and credit bureaus with which the Plaintiff sought to transact business relied upon the false and misleading statement published by RSS, LLC to the detriment of the Plaintiff.

34. The communications made by Defendant RRS, LLC about the Plaintiff centered on the Plaintiff's credit worthiness, and were made to the major credit reporting agencies to include Equifax.

35. The communications about the Plaintiff have harmed the Plaintiff's reputation, lowered him in the estimation of the community, harmed his ability to obtain housing, damaged his credit, and were intended to deter a third party from associating or dealing with the Plaintiff.

36. The Defendant RRS, LLC's defamatory communications are actionable *per se* because Alabama statutes are enacted to specifically cause a party to refrain from the very conduct associated with Defendant RRS, LLC's defamatory actions.

37. The defamatory communications were published to a third entity other than the Plaintiff, thereby making the defamatory communications actionable under ALA. CODE § 6-5-182 (1975).

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against RSS, LLC and damages both compensatory and punitive for Cause of Action III.

### CAUSE OF ACTION IV
### *Negligence*

38. Plaintiff readopts each allegation and further alleges the Defendants RRS, LLC, Wood Springs, and DEL are liable for the state law tort of negligence against the Plaintiff.

39. Defendants RRS, LLC, Wood Springs, and DEL are liable to the Plaintiff for the negligence visited upon him because of their actions surrounding the Alleged Debt.

40. Defendants RRS, LLC, Wood Springs, and DEL have breached the duty of care owed to the Plaintiff by falsely and recklessly causing information of the Alleged Debt to be reported to credit reporting agencies.

41. The actions have caused the Plaintiff to suffer injuries, which include, but are not limited to, actual damages, mental anguish, emotional distress, sleeplessness, nervousness, and embarrassment.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants RRS, LLC, Wood Springs, and DEL and damages both compensatory and punitive for Cause of Action IV.

### CAUSE OF ACTION V
### *Breach of Contract*

42. Plaintiff readopts each allegation and further alleges the Defendants Wood Springs, and DEL are liable for breach of contract against the Plaintiff.

43. The Plaintiff entered into a bilateral contract with Wood Springs and DEL on April 9, 2011.

44. Wood Springs and DEL made an offer to rent an apartment to the Plaintiff. The Plaintiff accepted the offer made by Wood Springs and DEL.

45.     In exchange and consideration for the Plaintiff's promise to pay, Wood Springs and DEL promised to provide a habitable apartment for use by the Plaintiff.

46.     In consideration of the promises, the Plaintiff paid Wood Springs and DEL monthly rent in the amount of $809.00 and a security deposit in the amount of $915.00.

47.     Wood Springs and DEL breached their promises made and obligations to the Plaintiff by failing to provide a habitable apartment for use by the Plaintiff.

48.     As a result of the breach by Defendants Wood Spring and DEL, the Plaintiff has suffered actual damages.

WHEREFORE, PREMISES CONSIDERED, as a result of the breach of contract by the Defendants DEL and Wood Springs, the Plaintiff demands compensatory damages for Cause of Action V.

### CAUSE OF ACTION VI
*Violation of the Alabama Uniform Residential Landlord and Tenant Act*

49.     Plaintiff readopts the preceding allegations and further alleges that the Defendant DEL and Defendant Wood Springs violated the provisions of the *Alabama Uniform Residential Landlord and Tenant Act* ("AURLTA), as codified in the Code of Alabama (1975) to wit:

50.     The Defendants DEL and Wood Springs violated Section 2.104(a)(4) of the AURLTA during the tenancy of the Plaintiff by failing to maintain in good and safe working order and condition the heating, ventilation and air-conditioning supplied by the landlord to the Plaintiff.

51.     Despite repeated written and verbal requests by the Plaintiff that Wood Springs and DEL fix, maintain and otherwise keep the heating, air conditioning and ventilation in an operable manner, Wood Springs and DEL failed to do so.

52.     During the tenancy of the Plaintiff at the apartment rented by Wood Springs, the Defendants DEL and Wood Springs failed to adhere to the generally accepted code provisions of the "Standard Housing Code" by the Southern Building Code Congress International, Inc., to the detriment of the Plaintiff.

53.     During his tenancy at the apartment owned and/or operated by Wood Springs and DEL, the Plaintiff repeatedly mitigated his damages pursuant to his obligations under AURLTA.

54.     Despite the Plaintiff's mitigation, the apartment leased to the Plaintiff under contract by Defendant DEL and Defendant Wood Springs remained in a uninhabitable condition during the tenancy of the Plaintiff, ultimately

causing the Plaintiff to vacate the premises and seek habitable housing at a greater cost to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant DEL and Defendant Wood Springs for violations of the URLTA pursuant to Section 2.104(a)(4) and 4.107 of AURLTA in an amount of three (3) months periodic rent or three times the actual damages sustained by the Plaintiff to include relocation expenses, whichever is proved greater, the return of any security deposit and prepaid rent, and reasonable attorney's fees.

## JURY DEMAND

Pursuant to Rule 38 of the *FEDERAL RULES OF CIVIL PROCEDURE*, the Plaintiff herein demands trial by struck jury on all issues of fact.

Respectfully submitted,

*/s/ H. Gregory Harp*
H. Gregory Harp (HAR 299)
HARP LAW, LLC
2001 Park Place, Suite 870
Birmingham, Alabama 35203
(205) 972-8100 (Phone)
(205) 972-8050 (Fax)
gharp@harplawllc.com